676 So.2d 369 (1996)
Robert Allan TEFFETELLER, Petitioner,
v.
Richard L. DUGGER, etc., Respondent.
Robert TEFFETELLER, Appellant,
v.
STATE of Florida, Appellee.
Ted HERRING, Appellant,
v.
STATE of Florida, Appellee.
Kenneth Darcell QUINCE n/k/a Rasikh `Abdul-Hakim, Appellant,
v.
STATE of Florida, Appellee.
Richard RANDOLPH n/k/a Malik Abdul Sajjad, Appellant,
v.
STATE of Florida, Appellee.
Nos. 73241, 77646, 81649, 81730 and 81950.
Supreme Court of Florida.
March 7, 1996.
Rehearing Denied July 10, 1996.
*370 Michael J. Minerva, Capital Collateral Representative; and Martin J. McClain, Stephen M. Kissinger, Deborah K. Nimmons and Judith J. Dougherty, Assistant Capital Collateral Representatives, Tallahassee, for Petitioner/Appellant in Nos. 73241, 77646.
Robert A. Butterworth, Attorney General; and Richard B. Martell, Tallahassee, and Margene A. Roper and Barbara C. Davis, Assistant Attorneys General, Daytona Beach, for Respondent/Appellee in Nos. 73241, 77646.
Jon M. Wilson and John R. Hamilton of Foley & Lardner, Orlando, and Jeremy G. Epstein, Alan S. Goudiss, James R. Warnot, Jr. and Kathryn Tabner of Shearman & Sterling, New York City, for Appellant in No. 81649.
Robert A. Butterworth, Attorney General and Margene A. Roper, Assistant Attorney General, Daytona Beach, for Appellee in No. 81649.
Michael J. Minerva, Capital Collateral Representative; and Scott W. Braden, Staff Attorney and Terri L. Backhus, Assistant CCR, Tallahassee, for Appellant in No. 81730.
Robert A. Butterworth, Attorney General; and Richard B. Martell and Barbara J. Yates, Assistant Attorneys General, Tallahassee, for Appellee in No. 81730.
Michael J. Minerva, Capital Collateral Representative; and Gail E. Anderson and Harun Shabazz, Assistant Capital Collateral Representatives, Tallahassee, for Appellant in No. 81950.
Robert A. Butterworth, Attorney General and Margene A. Roper, Assistant Attorney General, Daytona Beach, for Appellee in No. 81950.
PER CURIAM.
Appellants, all prisoners under sentence of death, appeal the trial court's denial of their Florida Rule of Criminal Procedure 3.850 motions for postconviction relief. Teffeteller also petitions this Court for a writ of habeas corpus. We have jurisdiction pursuant to article V, section 3(b)(1) and (9) of the Florida Constitution.
Appellants were represented by Assistant Public Defender Howard Pearl during some stage of their individual trials for first-degree murder. At the time that Pearl represented the appellants, he was also a special deputy sheriff in Marion County and an honorary deputy sheriff in Lake and Volusia Counties, none of which was revealed to the appellants. When Pearl's deputy sheriff status came to light, the appellants raised the issue in a rule 3.850 motion for collateral relief, arguing that Pearl's status as a law enforcement officer constituted a conflict of interest with his duties as their defense counsel.
In April 1992, this Court ordered the chief judge of the Seventh Judicial Circuit to consolidate for hearing all cases in which "Howard Pearl" claims were properly raised. During that hearing, the appellants' counsel objected to the courtroom conditions and to the hearing procedure. Counsel objected that the appellants were unable to consult with counsel during the hearing because the appellants were seated in the jury box while counsel were seated across the courtroom in *371 the pews; counsel also argued that this seating arrangement precluded them from consulting their files and referencing documents during testimony. Counsel further objected to the procedure ordered by the court: after the State presented its case-in-chief on the conflict issue, the appellants were removed from the courtroom and only allowed to be present when their separate cases were being presented.
We do not reach the merits of the appellants' claims regarding Pearl's alleged conflict of interest because we find that the hearing below was procedurally flawed and violated the appellants' right to due process. While it is within the trial court's discretion to determine whether or not a prisoner should be present at a postconviction relief hearing, this discretion must be exercised with regard to the prisoner's right to due process. Clark v. State, 491 So.2d 545, 546 (Fla.1986). Here, the court denied the appellants' motion for severance and conducted a consolidated hearing, but excluded the appellants from the courtroom while much of the evidence was presented and prevented appellants' counsel from cross-examining many of the witnesses.
Therefore, we vacate the trial court's orders denying the appellants rule 3.850 relief and remand for new proceedings. Furthermore, we find that the appellants' 3.850 claims should be considered on an individual basis before the judges who would normally be assigned to hear the several appellants' 3.850 claims, rather than in a consolidated hearing. The appellants raise factually specific claims regarding Pearl's representation of them, as well as other individual claims regarding their convictions and sentences. The trial courts should consider the appellants' 3.850 claims individually and should conclude these matters within six months of this opinion.
Moreover, as to those claims which raise ineffective assistance of trial counsel that "are not conclusively rebutted by the record and which demonstrate a deficiency in performance that prejudiced the defendant," Roberts v. State, 568 So.2d 1255, 1259 (Fla. 1990), the appellants are entitled to an evidentiary hearing. In light of our disposition of Teffeteller's 3.850 appeal, we do not address his habeas claims at this time.
Accordingly, we vacate the orders denying 3.850 relief and remand for proceedings consistent with this opinion.
It is so ordered.
SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
GRIMES, C.J., concurs in part and dissents in part with an opinion, in which OVERTON, J., concurs.
GRIMES, Chief Justice, concurring in part, dissenting in part.
These cases seem to have gotten off the track. In Harich v. State, 542 So.2d 980 (Fla.1989), the defendant filed a motion for postconviction relief asserting that a conflict of interest existed because his trial counsel, Howard Pearl, was serving as a special deputy sheriff in an adjacent county at the time he represented Harich. We remanded for an evidentiary hearing to determine whether Pearl's duties as a special deputy sheriff would constitute a conflict of interest which would prevent him from providing effective legal assistance to Harich. At the evidentiary hearing, it was determined that Pearl had become a special deputy in order to obtain a permit to carry a gun. Neither he nor the sheriff ever intended for him to act as a deputy and he did not do so. Consequently, we held that Pearl's status as a special deputy did not result in a per se conflict of interest. Harich v. State, 573 So.2d 303 (Fla.1990), cert. denied, 499 U.S. 985, 111 S.Ct. 1645, 113 L.Ed.2d 740 (1991).
Because Pearl had defended many capital cases in Volusia County, several other convicted defendants who had been represented by him raised the same claim. Because these defendants were not parties to the Harich postconviction hearing, we held that they would also be entitled to a hearing on their claims and suggested that it would be proper for the chief judge to consolidate the cases for one hearing on this single issue. Herring v. State, 580 So.2d 135 (Fla.1991).
The instant appeals arise out of the hearing which took place pursuant to our opinion *372 in Herring. I concur that the orders entered in these cases must be reversed because the defendants were excluded from the courtroom while much of the evidence was presented during the consolidated hearing. However, I cannot understand why we have now determined that the claims should be considered on an individual basis in which the defendants can raise factually specific claims regarding Pearl's representation of them as well as other individual claims regarding their convictions and sentences.
Depending upon circumstances surrounding Pearl's status as a special deputy, Pearl either had a conflict of interest or he did not. If he had a conflict of interest, all of these defendants would be entitled to a new trial. If he did not, the matter has been set at rest. Whether or not Pearl provided ineffective assistance of counsel in a particular case is a different matter which should be determined objectively in a separate proceeding as it would in any other case involving allegations of ineffective assistance of counsel. The suggestion that even though Pearl did not have a conflict of interest he would less vigorously defend his clients who were facing a death penalty because he had been appointed a special deputy is repugnant to the lawyer's oath of fealty to his or her client. The same argument could be made about lawyers who have friends in the sheriff's office or former prosecutors. In England, the country from which we derived our common law, the loyalty of barristers to their clients in criminal cases is never questioned even though they also prosecute for the crown in other cases and at the same time. In our remand on the Pearl issue, we did not contemplate and we should not now permit each defendant to point to Pearl's conduct during that defendant's trial to suggest that he was selling them out because he was a special deputy.
Therefore, I dissent from the scope of the hearings apparently contemplated by the majority opinion and see no need to try the claims separately when they all involve a single issue.
OVERTON, J., concurs.