717 So.2d 908 (1998)
Paul William SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 88551.
Supreme Court of Florida.
March 26, 1998.
Rehearing Denied June 15, 1998.
*909 Martin J. McClain, Litigation Director, and Peter Warren Kenny, Capital Collateral Regional Counsel, Office of the CCRC, Southern Region, Miami, for Appellant.
Robert A. Butterworth, Attorney General, and Celia A. Terenzio, Assistant Attorney General, West Palm Beach, for Appellee.
PER CURIAM.
Paul Scott appeals an order of the trial court denying relief under Florida Rule of Criminal Procedure 3.850. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm.
The facts of this case are set out fully in our opinion on direct appeal. See Scott v. State, 411 So.2d 866 (Fla.1982). In 1978 Paul Scott and an accomplice, Richard Kondian, beat and bludgeoned to death an acquaintance, James Alessi, and then stole his car and several pieces of jewelry. Scott was arrested in California and charged with firstdegree murder. Evidence of guilt included the following: Just prior to the murder, Scott and Kondian told a friend, Charles Soutullo, of their plan to rob and kill Alessi and asked him to join them (Soutullo declined); Scott's fingerprints were found throughout the murder scene; and when he was arrested, Scott had in his possession jewelry similar to that stolen from Alessi.
Scott was convicted as charged and, consistent with the jury's seven-to-five vote, was sentenced to death based on four aggravating circumstances,[1] no statutory mitigating circumstances, and several nonstatutory mitigating circumstances.[2],[3] The subsequent procedural history of this case is set out in our prior opinion wherein we remanded the case for an evidentiary hearing on Scott's Brady[4] claims following denial of his third rule 3.850 motion. See Scott v. State, 657 *910 So.2d 1129 (Fla.1995).[5] After conducting the evidentiary hearing, the trial court again denied relief and Scott now appeals that denial.[6]
Scott first claims that the trial court erred in allowing the assistant state attorney to serve as both prosecutor and witness in the proceeding below. Our opinion remanding this case for an evidentiary hearing was issued March 16, 1995; the case was assigned to Judge Mounts on October 5, 1995; and the evidentiary hearing was scheduled for January 23, 1996. On December 14, 1995, Scott filed a motion to depose the original trial prosecutor, Ken Selvig, and a motion to disqualify Selvig from representing the State at the evidentiary hearing. Following a hearing on the motions, the trial court denied both. Selvig prosecuted the rule 3.850 motion for the State, was called as a witness by Scott during the evidentiary hearing, and testified concerning the alleged Brady violations. Scott claims that Selvig's role as prosecutor/witness violated ethical and constitutional considerations. We disagree.
While Rule Regulating the Florida Bar 4-3.7 prohibits a lawyer from acting as an advocate and witness in the same trial,[7] a purpose of the rule is to prevent the evils that arise when a lawyer dons the hats of both an advocate and witness for his or her own client.[8] Such a dual role can prejudice the opposing side[9] or create a conflict of interest.[10] These concerns are not implicated in the present case where the state attorney was called as a witness for the other side on a Brady claim in a postconviction evidentiary hearing before a judge.
As for Scott's contention that because of Selvig's dual role Selvig "was determined to exonerate himself from any alleged misconduct and protect his reputation" and that he had "the opportunity to manipulate the proceedings in order to deny Mr. Scott a full and fair hearing," the record shows that Selvig served appropriately as an advocate for the State during the evidentiary hearing and that his conduct comported with the Rules of Professional Conduct and with this Court's rules of procedure.[11] To hold otherwise on *911 this issue would bar many trial level prosecutorswho may be the most qualified and best prepared advocates for the Statefrom representing the State in a Brady claim in a subsequent postconviction evidentiary hearing.[12] We find no error.
Scott claims that the trial court erred in denying his seven motions to disqualify the judge. We disagree. The assertion that Judge Mounts presided over an unrelated trial of affiant Dexter Coffin[13] years earlier, received a correspondence from a jailer or from Coffin in that matter, or commented on Coffin's sentencing does not set forth a well grounded fear of prejudice in the present case. Cf. Walton v. State, 481 So.2d 1197, 1199 (Fla.1985) ("We reject ... the contention that the trial of a codefendant by the same trial judge requires his disqualification...."). Scott's motions to disqualify the judge alleging ex parte communications between the judge and State during the setting of the date for the resumption of the evidentiary hearing on February 14 are legally insufficient on this recordthe judge called for the hearing to be continued on the court's next available date and this was communicated to Selvig by the judicial assistant. See Barwick v. State, 660 So.2d 685 (Fla.1995). Scott's remaining motions to disqualify the judge are likewise legally insufficient on this record. We find no error.
Scott claims that the trial court erred in scheduling the resumption of the evidentiary hearing on February 14, 1996. The evidentiary hearing commenced on January 23, 1996, and when it became obvious that testimony would not be completed that day, the court asked counsel for both sides if they would be available the following day. The State responded affirmatively, but defense lead counsel, Mr. McClain, said that he would be unavailable because he was going on vacation for the rest of the month. The court then stated that the hearing would be resumed on the court's next available date. The court later set that date for February 14-15, 1996, and when defense counsel objected, the court conducted a hearing on the objection on February 12. Defense lead counsel said that he would be unavailable on February 14-15 because he had a hearing on a motion to transport a prisoner in an unrelated case in Maryland on February 16. After hearing argument from both sides on the issue, the court denied Scott's motion to continue. When the evidentiary hearing recommenced on February 14, defense lead counsel was absent and co-counsel was present but participated minimally. Scott now claims that the resumption of the evidentiary hearing on February 14 violated his right to a fair and full hearing. We disagree.
The granting or denying of a continuance is within the sound discretion of the trial court. See, e.g., Geralds v. State, 674 So.2d 96 (Fla.1996). A court's ruling will be sustained absent an abuse of discretion, i.e., it will be sustained unless no reasonable person would take the view adopted by the trial court. Huff v. State, 569 So.2d 1247 (Fla. 1990). In the present case, Scott has failed to show that no reasonable person would take the position of the trial court in denying his motion to continue where the need for rescheduling arose because defense lead counsel was leaving on vacation and where defense co-counsel was available. We conclude that the trial court did not abuse its discretion based on the information that was available to it at the time.
Scott next claims that the trial court erred in conducting the evidentiary hearing on February 14 in the absence of Scott. When the evidentiary hearing resumed on February 14, defense co-counsel, Ms. Anderson, was present but her client, Scott, was not. The court recessed for an hour to inquire into Scott's absence. The state attorney told the court that following completion of the evidentiary hearing on January 23 Scott had been transported back to Union Correctional *912 Institution from West Palm Beach at the direction of defense lead counsel who told the jailers that a court order would be forthcoming. Defense counsel purportedly made no effort to secure Scott's presence in West Palm Beach for the hearing on February 14. Scott now claims that the trial court erred in conducting the hearing in his absence. We disagree.
The presence or absence of a prisoner at a post-conviction hearing is a matter within the sound discretion of the court.[14] This discretion, as always, must be exercised with the due process rights of the prisoner in mind.[15] Where evidence will be presented at the hearing and the prisoner is unrepresented, the prisoner must be present.[16] In the present case, the trial court did not abuse its discretion in conducting the hearing in Scott's absence where the court was told that his absence was attributable to defense counsel's actions in having him transported from the locale and where the issue to be addressed at the hearing was a Brady claim. Nor were Scott's due process rights violated: He was represented by able counsel (who made the strategic decision to participate minimally) and the Brady claim was a matter on which Scott would have had little input. We find no error.
Scott next claims that the trial court erred in denying his motions to continue the evidentiary hearing and to depose certain witnesses. Thirteen days prior to commencement of the evidentiary hearing on January 23, 1996, Scott filed a motion to depose Dexter Coffin and Robert Dixon, who were residing in Virginia and California respectively, and a motion to continue the hearing so that he could obtain their depositions. After hearing argument from both sides on January 18, the court denied the motions. Scott claims this was error. We disagree.
As noted above, this Court remanded this case for an evidentiary hearing on Scott's Brady claims, which included affidavits by Coffin and Dixon alleging that codefendant Kondian had made inculpatory statements concerning the murder.[17] The decision of this Court was issued March 16, 1995, and Scott knew from that time that Coffin's and Dixon's statements would be in issue during the hearing. Scott, however, did little to secure the testimony of these witnesses until the eve of the evidentiary hearing and used this as a basis for seeking a delay. We find no abuse of discretion in denying the motion for a continuance at that late date. Further, the denial of the continuance rendered moot Scott's motion to depose the out-of-state witnesses since cocounsel had told the court that she needed the delay to conduct the depositions. We find no error.
Finally, Scott claims that the trial court erred in excluding certain evidence from the evidentiary hearing. As noted above, this Court remanded this case for an evidentiary hearing on Scott's Brady claims, which included the claim that the State had failed to disclose a medical examiner's photo showing a bloody circle that could have supported Scott's claim that Kondian struck the fatal blow by hitting Alessi on the head with a champagne bottle.[18] During the evidentiary hearing on January 23, trial prosecutor Selvig testified that he had disclosed the photo, and the record sustained his averments. In light of this proof, the court granted the State's motion to exclude any further testimony relating solely to the materiality of the photo under Brady. Scott contends that this was error because trial counsel's failure to *913 present a material photo could give rise to an ineffectiveness claim. We disagree. This Court remanded this case solely for resolution of the Brady claims, not for resolution of an ineffectiveness claim. We find no abuse of discretion.
Based on the foregoing, we affirm the denial of Scott's rule 3.850 motion.
It is so ordered.
OVERTON, SHAW, HARDING and WELLS, JJ., and GRIMES, Senior Justice, concur.
ANSTEAD, J., concurs in part and dissents in part with an opinion, in which KOGAN, C.J., concurs.
ANSTEAD, Justice, concurring in part and dissenting in part.
I cannot agree with the majority that the trial court did not err in denying the appellant's request to depose the two (2) out-ofstate witnesses whose prior statements formed the basis for our prior remand for an evidentiary hearing. See Scott v. State, 657 So.2d 1129 (Fla.1995). We cannot simply write this off as moot in view of the trial court's denial of a motion for continuance, since the evidentiary hearing was carried over from January to February 14 and 15.
KOGAN, C.J., concurs.
NOTES
[1] The court found that Scott was under sentence of imprisonment (parole) at the time of the murder, that he had been convicted of a prior violent felony (second-degree murder), that the murder was committed in the course of a robbery and burglary and for pecuniary gain, and that the murder was cruel.
[2] The court found that Scott was the product of a broken home, was raised in a ghetto and in poverty, and had been disappointed thirteen years earlier when his father broke his promise to rescue him from his filthy life.
[3] After Scott's trial, Kondian pled guilty to second-degree murder, was given a 45-year sentence, and has since been released.
[4] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
[5] We ruled that the trial court erred in failing to hold an evidentiary hearing on the following Brady claims: (1) that the State withheld a statement by Kondian's cellmate, Dexter Coffin, wherein Coffin stated that he told a police officer that Kondian admitted killing the victim; (2) that the State withheld a statement by Kondian's roommate at the time of the murder, Robert Dixon, in which Dixon stated that he told a police officer that Kondian was angry with Scott for running out on him at the murder scene; and (3) that the State withheld a medical examiner's photograph that suggested that Kondian had struck the fatal blow by hitting Alessi on the head with a champagne bottle.
[6] Scott raises six issues, claiming that the trial court erred in addressing the following matters: (1) participation of the assistant state attorney as prosecutor/witness; (2) motions to disqualify the judge; (3) the scheduling of the resumption of the evidentiary hearing on February 14, 1996; (4) Scott's absence during the resumption of the evidentiary hearing on February 14; (5) denial of Scott's motions to continue the evidentiary hearing and depose witnesses; (6) exclusion of certain evidence at the evidentiary hearing.
[7] Rule Regulating the Florida Bar 4-3.7 provides in relevant part:

RULE 4-3.7 LAWYER AS WITNESS
(a) When Lawyer May Testify. A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client except where:
(1) the testimony relates to an uncontested issue;
(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
(3) the testimony relates to the nature and value of legal services rendered in the case; or
(4) disqualification of the lawyer would work substantial hardship on the client.
[8] The rule also addresses the conflict that arises when a lawyer is called as a witness by the opposing side to testify against a private client. See Comment to R. Regulating Fla. Bar 4-3.7. This is not the case in the present proceeding where the client represented by Selvig was the State.
[9] For instance, the testimony may carry increased weight in the eyes of a jury because it comes from an advocate, or a jury may confuse advocacy with testimony. See generally id.
[10] For instance, the content of the sworn testimony may be different from the client's own testimony. See id.
[11] Cf. Shargaa v. State, 102 So.2d 809, 813 (Fla. 1958) (approving dual role of prosecutor/witness but noting that "the practice of acting as prosecutor and witness is not to be approved and should be indulged in only under exceptional circumstances"); Clausell v. State, 455 So.2d 1050, 1051 n. 1 (Fla. 3d DCA 1984) (citing Shargaa with approval).
[12] Cf. State v. Christopher, 623 So.2d 1228, 1229 (Fla. 3rd DCA 1993) ("[W]e see it as the State proceeding with the assistance of the most qualified and prepared lawyer available to it....").
[13] See supra note 5.
[14] Teffeteller v. Dugger, 676 So.2d 369, 371 (Fla. 1996) ("[I]t is within the trial court's discretion to determine whether or not a prisoner should be present at a postconviction relief hearing....").
[15] Id. ("[T]his discretion must be exercised with regard to the prisoner's right to due process.").
[16] Clark v. State, 491 So.2d 545, 546 (Fla.1986) ("Whether a prisoner should be physically present at a 3.850 proceeding is discretionary with the trial court except when evidence is to be presented and the prisoner is not represented by counsel."); see also State v. Reynolds, 238 So.2d 598, 600 (Fla.1970) ("Where evidence is to be heard at the hearing and the petitioner is not represented by counsel, due process requires that petitioner be produced so that he may confront all of the witnesses, interrogate his own witnesses and cross-examine those of the State.").
[17] See supra note 5.
[18] See supra note 5.