SAWAYA, J.
Appellant appeals the final order terminating her parental rights to her children, S.L. and J.W. Appellant asserts that the trial court erred by denying her motion to continue where she was advised by the attorney for the Department of Children and Families (the Department) that the adjudicatory hearing would be continued on the Department’s motion.[1] We disagree and, therefore, affirm.
The Department filed a petition seeking to terminate Appellant’s parental rights, alleging that Appellant failed to complete her ease plan and continued to abandon her children, as defined in paragraph 39.806(l)(e), Florida Statutes (2001), and abuse them, as provided in paragraph 39.806(l)(f), Florida Statues (2001). Appellant, a resident of Indiana, was served while in Florida and given notice of the advisory hearing. At the advisory hearing, Appellant signed a notice of the adjudicatory hearing, which was to be held on September 17, 2001.
On Friday, September 14, 2001, the Department filed a motion to continue because its chief witness was stranded in London, England, as a result of the September 11, 2001, terrorist attacks. The trial judge denied the Department’s motion, and the adjudicatory hearing was held on Monday, September 17, 2001.
At the hearing, the Department requested that Appellant be defaulted as a result of her failure to appear. Appellant’s counsel requested a continuance based on a conversation counsel had with Appellant on Friday, September 14, 2001, during which Appellant indicated she was aware the Department had filed a motion to continue. Counsel then stated that counsel advised Appellant that the court had not continued the hearing and Appellant’s attendance was required. The court denied the motion and proceeded to enter a default judgment against Appellant. The court issued a written order terminating Appellant’s parental rights based upon paragraphs 39.806(l)(c), (l)(e), and (l)(f), Florida Statutes (2001).
Appellant argues that the trial court erred in denying her motion to continue. A court’s decision to grant or deny a continuance is reviewed on appeal using an abuse of discretion standard. Scott v. State, 717 So.2d 908 (Fla.), cert. denied, 525 U.S. 972, 119 S.Ct. 425, 142 L.Ed.2d 346 (1998); Gore v. State, 599 So.2d 978 (Fla.1992); see also C.J. v. Department of Children & Families, 756 So.2d 1108 (Fla. 3d DCA 2000). In Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980), the Florida Supreme Court set forth the standard of review to be employed by an appellate court when reviewing a discretionary act, stating,
*318 In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the “reasonableness” test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion.
In the instant case, Appellant claims that the Department’s attorney told her not to come to Florida for the adjudicatory hearing because the ease would be continued. However, this is clearly contrary to the statements made by Appellant’s counsel when moving to continue the hearing. Counsel stated that, during a phone conversation with Appellant on Friday September 14, 2001, counsel advised Appellant that the court had not ruled on the Department’s motion for continuance and Appellant needed to attend the hearing. Moreover, Appellant merely asserts that the Department’s counsel informed her that the Department was requesting a continuance, not that the judge had ordered a continuance. Assuming, arguendo, that Appellant’s version of events was true, the trial court would not have abused its discretion because reasonable men could differ as to the propriety of the trial court’s denial of the continuance. Hence, it cannot be said that the trial court erred.
Accordingly, we affirm the final order terminating Appellant’s parental rights to S.L. and J.W.
AFFIRMED.
THOMPSON, C.J. and HARRIS, J., concur.

. As a collateral matter, Appellant also claims that the trial court erred in terminating Appellant's parental rights based on a violation of paragraph 39.806(l)(c), Florida Statutes (2001), where such a violation was not averred in the petition and the Department did not seek to amend the petition to conform to the evidence. This issue is moot because the trial court also terminated her rights based upon paragraphs 39.806(l)(e) and (l)(f), both of which were cited in the petition. Therefore, even if it was error for the judge to terminate Appellant’s rights based upon paragraph 39.806(l)(c), it would not change the outcome.