957 So.2d 1273 (2007)
Mark MONTALVO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-171.
District Court of Appeal of Florida, Fourth District.
June 6, 2007.
Mark Montalvo, South Bay, pro se.
Bill McCollum, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Mark Montalvo (Defendant) appeals an order summarily denying his motion for postconviction relief, filed pursuant to rule 3.850(b)(3), Florida Rules of Criminal Procedure, in which he sought leave to file a belated rule 3.850 motion. He set forth legally sufficient allegations that he retained counsel to file a timely rule 3.850 motion, but counsel failed to file a motion with the proper file number within the time allowed and the corrected motion filed a day later was denied as time-barred. The trial court's denial was based on a state response which asserted that ineffective assistance of postconviction counsel is not a cognizable ground for relief and that, because Defendant did not label his motion as a petition for writ of habeas corpus, see Steele v. Kehoe, 747 So.2d 931, 934 (Fla.1999), relief must be denied.
In response to this court's order to show cause, the state acknowledges that the motion should have been treated as a petition for writ of habeas corpus, compare Mills v. State, 901 So.2d 939 (Fla. 4th DCA 2005) (reversing trial court's order summarily denying "rule 3.850(h)" motion filed pursuant to Steele v. Kehoe, which trial court should have treated as petition for writ of habeas corpus), but asserts that the motion was properly denied because it was facially insufficient.
*1274 We do not agree that the motion was facially insufficient. Accordingly, we reverse the summary denial and direct the trial court on remand to treat the motion as a petition for writ of habeas corpus pursuant to Steele and Mills.
Reversed and Remanded for Further Proceedings.
POLEN, KLEIN and SHAHOOD, JJ., concur.