MORRIS, Judge.
Upon consideration of Appellant’s motion for rehearing filed September 6, 2011, it is
ORDERED the Appellant’s motion for rehearing is granted to the extent that the opinion filed July 27, 2011, is withdrawn and the following revised opinion is substituted therefor. The Appellant’s motion for rehearing en banc is stricken.
Jorge Alberto Nunez-Leal appeals the summary denial of his motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, which the postconviction court found was untimely. We reverse and remand for further proceedings on one claim only.
On October 17, 2007, in case number 06-CF-022437, Nunez-Leal pleaded guilty to trafficking in cocaine and conspiracy to traffic in cocaine and was' sentenced to thirty years’ imprisonment. However, after serving five years, the remainder of his sentence was to be suspended while he served twenty years’ drug offender probation. On the same date, in case number 06-CF-022465, Nunez-Leal pleaded guilty to possession of cocaine with intent to sell or deliver, possession of cannabis, and possession of drug paraphernalia. Nunez-Leal was sentenced to five years’ imprisonment on count one and time served on counts two and three, and his sentence in count one was to run concurrently with his sentence in case number 06-CF-022437.
*67 In his motion, Nunez-Leal alleged that his trial counsel provided affirmative mis-advice in his 2006 cases regarding the effect of those sentences on a separate sentence for the violation of conditional release in a previous conviction. Specifically, Nunez-Leal alleged that in 1993, he was convicted and sentenced to seventeen years’ imprisonment on charges of kidnapping and first-degree murder in Polk County. In June 2004, he was granted conditional release in that case. However, his arrests in the two eases at issue resulted in a violation of his conditional release and a new term of imprisonment. Nunez-Leal alleged that prior to pleading guilty in the cases at issue, his trial counsel informed him that his two new sentences would run coterminous with his Polk County sentence for the conditional release violation. Nunez-Leal claimed that if not for this erroneous advice, he would not have pleaded guilty in either of the new cases.
Nunez-Leal’s motion is framed as a claim of newly discovered evidence under rule 3.850(b)(1), based on the allegation that he only learned the true details of his sentence in December 2008. Nunez-Leal claimed that because the current motion, filed in February 2010, came within two years of his learning the facts upon which it was predicated, it was timely filed under the newly discovered evidence rule. However, the postconviction court denied the claim as untimely, finding that Nunez-Leal, with due diligence, could have discovered the true nature of his sentence at any point after his sentencing and that his motion was filed over two years after his judgment and sentence became final.
Despite the shortcomings of his newly discovered evidence claim, Nunez-Leal also briefly mentioned the inaction of his postconviction counsel, which is a valid ground for timeliness under rule 3.850(b)(3). Specifically, Nunez-Leal claimed that he had corresponded with his postconviction counsel on this matter in a timely fashion, only to receive false promises or no response at all. Nunez-Leal also attached a letter from the office of his postconviction counsel to support this assertion. The letter, in Spanish and dated July 1, 2009, states that postconviction counsel is working on Nunez-Leal’s illegal sentence claim and is awaiting transcripts from the change of plea hearing. This letter suggests that Nunez-Leal had, in fact, retained postconviction counsel to file a rule 3.850 motion within two years of the date his judgment and sentence became final and that postconviction counsel failed to do so.
Because Nunez-Leal has presented facts sufficient to raise a valid ground for timeliness under rule 3.850(b)(3), we reverse the postconviction court’s denial of his motion on this claim only. On remand, the postconviction court is instructed either to attach portions of the record conclusively refuting Nunez-Leal’s claim or to conduct an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
KELLY and LaROSE, JJ. Concur.