NORTHCUTT, Judge.
Tyron Bruce appeals the denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
Bruce filed a timely motion alleging ineffective assistance of his trial counsel. The postconviction court found his claim facially sufficient and ordered an evidentiary hearing. At the hearing, Bruce was represented by appointed counsel, who sought a continuance so that she could amend the postconviction motion. The court took the testimony of two witnesses pertinent to the issue raised in the original motion and then continued the hearing. At that point, Bruce had not been called to testify.
Before recessing the initial hearing, the court decided to keep Bruce in the local jail rather than send him back to prison, so that he would be available for the second hearing. Unfortunately, no one transported Bruce to the second hearing. When the proceeding was reconvened, the prosecutor stated that Bruce was not in the jail. We do not know whether that was true. We do know that the prosecutor was mistaken when he informed the court that it had already heard Bruce’s testimony. Unfortunately, appointed counsel did not correct this misstatement. Appointed counsel did abandon her attempt to file an amended motion, and shortly thereafter the post-conviction court entered an order denying Bruce’s motion.
Bruce argues on appeal that he was denied due process because he had no opportunity to testify in support of his postconviction claim. Under the unusual facts of this case, we agree. “While it is within the trial court’s discretion to determine whether or not a prisoner should be present at a postconviction relief hearing, this discretion must be exercised with regard to the prisoner’s right to due process.” Teffeteller v. Dugger, 676 So.2d 369, 371 (Fla.1996); see also Roberts v. State, 840 So.2d 962, 971-72 (Fla.2002) (reversing denial of postconviction relief and remanding to afford defendant an opportunity to compel attendance of out-of-state witness, relying on cases finding due process violation when movants had not been allowed to present witnesses).
Due process requires “meaningful access to the judicial process” in postconviction proceedings. Kokal v. State, 901 So.2d 766, 778 (Fla.2005). Under these facts, we conclude that Bruce was deprived of the opportunity to assert his right to testify, and thus his due process rights were violated. The due process violation constitutes fundamental error because it was basic to the judicial decision under review. See Cromartie v. State, 70 So.3d 559, 563-64 (Fla.2011).
Reversed and remanded for further proceedings.
ALTENBERND, J„ and RAIDEN, MICHAEL E., Associate Judge, Concur.