SILBERMAN, Judge.
Jorge Alberto Nunez-Leal appeals a final order, issued after evidentiary hearing, that denies his motion for postconviction relief on the basis that the motion is untimely and that the exception under Florida Rule of Criminal Procedure 3.850(b)(3) does not apply. Because Nunez-Leal was deprived of the opportunity to testify at the evidentiary hearing in violation of his right to due process, we reverse the order and remand for an evidentiary hearing at which Nunez-Leal has an opportunity to testify.
On remand from Nunez-Leal v. State, 100 So.3d 66 (Fla. 2d DCA 2011), the postconviction court conducted a hearing on September 12, 2012, at which Nunez-Leal was represented by attorney Melody Dietsch. The only issue was one of fact regarding whether prior counsel, Bryant Camareno, was retained to file a rule 3.850 motion and neglected to file the motion. Nunez-Leal submitted two letters into evidence, and Camareno testified that he never agreed to file a rule 3.850 motion. The postconviction court stated that it would review the transcript of a hearing held in 2009 and set a status hearing for October 12, 2012.
*440 Before the hearing of September 12, 2012, concluded, Dietsch inquired about whether the postconviction court wanted Nunez-Leal to stay or to “ship back out.” The postconviction court told Dietsch that it was up to her, and she stated that “we should probably keep him here, just in case we need testimony.” The postconviction court agreed. At the October 12, 2012, hearing, Nunez-Leal was not present, and the parties presented argument to the court. The court found the rule 3.850 motion to be time barred.
On appeal Nunez-Leal correctly argues that he was denied due process by his absence from the second hearing which deprived him of the opportunity to testify on the material, factual issue before the postconviction court. See Bruce v. State, 99 So.3d 597, 598 (Fla. 2d DCA 2012). “Due process requires ‘meaningful access to the judicial process’ in postconviction proceedings.” Id. (quoting Kokal v. State, 901 So.2d 766, 778 (Fla.2005)). In Bruce, the postconviction court held an evidentia-ry hearing at which Bruce was represented by counsel. Id. Two witnesses testified, and then the hearing was continued. Bruce had not testified at that hearing. It was determined that Bruce would be kept in the local jail so that he would be available for the second hearing. However, Bruce was not transported to the second hearing. At the second hearing, the prosecutor mistakenly advised the court that Bruce had already testified, and Bruce’s counsel did not correct the misstatement.
This court determined that Bruce’s right to due process was violated because he was deprived of the opportunity to testify in support of his postconviction claim. Id. Because the due process violation was basic to the judicial decision on review, the violation constituted fundamental error. Id.
Similarly, Nunez-Leal was present at the first hearing with counsel but did not testify before the court decided to continue the hearing to allow it to read a transcript of an earlier hearing. It was discussed that Nunez-Leal would stay in the local jail in case he was needed for testimony at the continued hearing set for October 12, 2012. Nunez-Leal was not present for the continued hearing, and the postconviction court, relying in part on Camareno’s testimony, ruled that the exception in rule 3.850(b)(3) did not apply to Nunez-Leal’s motion. Because Nunez-Leal did not have the opportunity to testify on an issue that was basic to the judicial decision on review, the error was fundamental. See id.
Therefore, we reverse the postconviction court’s order and remand for an evidentia-ry hearing at which Nunez-Leal has the opportunity to testify regarding the issue of whether Camareno was retained to file a rule 3.850 motion and, through neglect, failed to file the motion.
Reversed and remanded.
ALTENBERND and LaROSE, JJ„ Concur.