PER CURIAM.
Cameron Denard appeals the summary denial of his motion for postconviction relief. The State properly concedes error. We reverse.
Denard was convicted and sentenced on various charges in early 2008. He appealed, and this Court affirmed in part, reversed in part, and remanded the case to vacate the conviction and sentence as to one of the counts. Denard v. State, 30 So.3d 595 (Fla. 5th DCA 2010). The mandate was issued on April 14, 2010.
On January 30, 2014, Denard filed a “Motion for Enlargement of Time” to file a belated motion for postconviction relief, claiming that he retained an attorney in January 2011 to file a timely motion, but his attorney never filed the motion. The “Motion for Enlargement of Time” was denied by the trial court on February 14, 2014. In denying relief, the trial court found that Denard’s claim was facially insufficient because he did not allege that he was precluded from filing a Florida Rule of Criminal Procedure 3.850 motion as a result of counsel’s neglect, and that the proper procedural vehicle to raise such a claim was a petition for writ of habeas corpus. Denard was given thirty days to file a habeas petition. Rather than filing a ha-beas petition, Denard filed the instant rule 3.850motion, asking the trial court to vacate and set aside his conviction and sentence based on three claims of ineffective assistance of counsel. Denard again asserted that he had retained an attorney to file a rule 3.850 motion, but no motion was ever filed.
Denard’s current rule 3.850 motion was filed more than two years after his convictions and sentences became final. As grounds for filing his postconviction motion beyond the two-year time limit, De-nard relies on Florida Rule of Criminal Procedure 3.850(b)(3). That rule allows the belated filing of a rule 3.850 motion where “the defendant retained counsel to timely file a [rule] 3.850 motion and counsel, through neglect, failed to file the motion.” Fla. R. Crim. P. 3.850(b)(3).
Rule 3.850(b)(3) was adopted to deal with the exact situation asserted by De-nard. See Steele v. Kehoe, 747 So.2d 931, 934 (Fla.1999). If counsel undertook to file a rule 3.850 motion on behalf of De-nard, and, through neglect, failed to timely file it, then Denard is entitled to file a rule 3.850motion belatedly. Courts have previously held that such motions, even when they are not filed as habeas petitions, trigger the necessity of the lower court to determine whether the defendant is entitled to belated consideration of his rule 3.850claims. See, e.g., Schwagler v. State, 118 So.3d 923, 924 (Fla. 2d DCA 2013) (holding that defendant was entitled to relief under the exception to the two-year time limit found in rule 3.850(b)(3)); Nunez-Leal v. State, 100 So.3d 66, 67 (Fla. 2d DCA 2011) (reversing and remanding the summary denial of defendant’s rule 3.850 motion for postconviction relief because defendant presented facts . sufficient to raise a valid ground for timeliness under rule 3.850(b)(3)); see also Montalvo v. State, 957 So.2d 1273 (Fla. 4th DCA 2007) (holding that although defendant did not label his motion for postconviction relief a petition for writ of habeas corpus, the motion, which alleged that counsel was ineffective for failing to timely file the motion, was facially sufficient and remand was required for an evidentiary hearing).
*1259 If Denard’s sworn allegations regarding the hiring of counsel to file a timely motion for postconviction relief are disputed, the trial court should conduct an evidentiary hearing on this issue rather than deny the motion as untimely. If not, the trial court should address the substance of the motion.
REVERSED and REMANDED.
LAWSON, COHEN and BERGER, JJ., concur.