PER CURIAM.
Daniel Martinez appeals the order denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850 as untimely. We reverse.
Martinez’s conviction and life sentence became final when this Court issued the mandate of his appeal on June 22, 2012. See Martinez v. State, 90 So.3d 302 (Fla. 5th DCA 2012). On July 24, 2014, Martinez filed a rule 3.850 postconviction motion, which the trial court summarily denied as untimely. Martinez then moved for rehearing, asserting that on May 16, 2014, he filed a motion for an extension of time that alleged (1) the attorney he hired to prepare and file his rule 3.850 motion passed away before completing the work; (2) his attorney was in possession of all of his records that he needed to prepare a pro se rule 3.850 motion; and (3) he and his family were attempting to recover the records from the deceased attorney. Martinez attached a copy of his motion for extension of time, which bears a prison stamp indicating a May 16, 2014, mailing date. The trial court never ruled on Martinez’s motion for rehearing or his earlier motion for extension of time. Therefore, Martinez’s motion for rehearing was deemed denied. See Fla. R.Crim. P. 3.850(j).
The time period for filing a timely rule 3.850 motion was due to expire on Monday, June 23, 2014. The date reflected on the prison stamp of a pro se *1053 inmate’s document is presumed to be the date that the document is filed in the court proceeding. Thompson v. State, 761 So.2d 324, 326 (Fla.2000). Because the motion for extension was filed within the two-year limitations period, the court should have considered it to determine whether good cause had been shown for an extension. See State v. Boyd, 846 So.2d 458, 459 (Fla.2003) (explaining that time period for filing rule 3.850 motions may be extended for good cause). In his motion for extension and his rehearing motion, Martinez alleged that he retained counsel to timely file a rule 3.850 motion, and that his counsel failed to do so. Martinez did not allege that his counsel, through “neglect,” failed to file the motion. However, we believe that Martinez’s allegation that his counsel died in the process of preparing the motion, and, therefore, never completed and filed it, if true, satisfies the requirements of rule 3.850(b)(3) because the failure to timely file was not Martinez’s fault. We thus conclude that the trial court should hold a hearing to determine whether Martinez is entitled to file a belated rule 3.850 motion. See Denard v. State, 152 So.3d 1257, 1259 (Fla. 5th DCA 2014); Downs v. State, 135 So.3d 521, 522 (Fla. 5th DCA 2014) (citing Steele v. Kehoe, 747 So.2d 931, 934 (Fla.1999)).
REVERSED and REMANDED.
SAWAYA, ORFINGER and BERGER, JJ., concur.