# Supreme Court of Florida

––––––––––

No. SC2024-0273

––––––––––

**RICHARD BARRY RANDOLPH,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

December 5, 2024

COURIEL, J.

Richard Barry Randolph, a prisoner under sentence of death, appeals the circuit court's order summarily denying his third successive motion for postconviction relief, filed under Florida Rule of Criminal Procedure 3.851. Thirty-five years after his conviction, Randolph claims to have learned of newly discovered evidence: the identity of his birth parents. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const. As explained below, we affirm.

## I

A jury found Randolph guilty of first-degree murder, armed

robbery, sexual battery with force likely to cause serious personal injury or with a deadly weapon, and grand theft of a motor vehicle. We have previously recounted the facts of his brutal crime. *See Randolph v. State*, 562 So. 2d 331, 332-33 (Fla. 1990). What is of primary relevance to his current appeal is that, at the penalty phase of his trial, Randolph presented testimony from a single witness: psychologist Dr. Harry Krop. Dr. Krop testified that Randolph was adopted at five months of age by an emotionally unstable mother and physically abusive father, which contributed, along with his later substance use, to his atypical personality disorder. Dr. Krop testified that Randolph's birth parents were young college students, but no other information about them was known. The jury recommended the death penalty. The trial court accepted that recommendation and sentenced Randolph to death. We affirmed. *Id.* at 332.

Randolph's postconviction relief efforts have been unsuccessful. *See Teffeteller v. Dugger*, 676 So. 2d 369 (Fla. 1996) (consolidating and remanding all "Howard Pearl" cases); *Randolph v. State*, 853 So. 2d 1051 (Fla. 2003) (affirming the postconviction court's finding that none of the additional mitigation witnesses at

the evidentiary hearing offered any evidence other than what had already been presented by Dr. Krop at the penalty phase); *Randolph v. Crosby*, 861 So. 2d 430 (Fla. 2003) (denying petition for habeas relief); *Randolph v. State*, 320 So. 3d 629 (Fla. 2021) (affirming denial of second successive postconviction motion).

A recent change in New York law allowed Randolph to retrieve his original birth certificate, reunite with his birth mother, and learn additional facts about his birth parents. His birth mother was in fact a 17-year-old high school student when he was born, not a college student. Both his birth parents did indeed graduate from college, however, and both went on to have successful relationships and careers after placing him for adoption. Neither of them appears to have been affected by mental health challenges or substance use disorders. Each of his birth parents would, if called, testify to that effect.

Randolph claims that this information, coupled with testimony from an adoption expert, would probably yield a life sentence. This newly discovered evidence would help his case, he contends, because it would tend to show that he lacked a genetic predisposition to criminal violence, and that a significant

contributing factor to his decision-making was the cruelty he suffered as a child from his adoptive parents.

The circuit court summarily denied the motion, ruling that the proffered evidence, even if newly discovered, fails under the second prong of *Jones v. State*, 709 So. 2d 512, 521 (Fla. 1998). The court reasoned, in part, that the evidence is neither relevant to his character nor the circumstances of the offense. This appeal follows.

**II**

The circuit court did not err in denying Randolph's postconviction motion without first holding an evidentiary hearing.

"[This Court] review[s] a circuit court's summary rejection of a postconviction claim de novo, 'accepting the movant's factual allegations as true to the extent they are not refuted by the record, and affirming the ruling if the record conclusively shows that the movant is entitled to no relief.' " *Harvey v. State*, 318 So. 3d 1238, 1239 n.2 (Fla. 2021) (quoting *Dailey v. State*, 279 So. 3d 1208, 1215 (Fla. 2019)). "A circuit court should hold an evidentiary hearing on a rule 3.851 motion 'whenever the movant makes a facially sufficient claim that requires a factual determination.' " *Rogers v.*

- 4 -

*State*, 327 So. 3d 784, 787 (Fla. 2021) (quoting *Pardo v. State*, 108 So. 3d 558, 560 (Fla. 2012)).

To be facially sufficient, newly discovered evidence must meet the two-prong *Jones* test.  We have described that test as follows:

> First, the evidence must not have been known by the trial court, the party, or counsel at the time of trial, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence.  Second, the newly discovered evidence must be of such [a] nature that it would probably produce an acquittal on retrial.

*Hutchinson v. State*, 343 So. 3d 50, 53 (Fla. 2022) (alteration in original) (quoting *Long v. State*, 183 So. 3d 342, 345 (Fla. 2016)). Since Randolph sought to vacate his death sentence rather than his conviction, "the second prong requires [a showing] that the newly discovered evidence would probably yield a less severe sentence." *Walton v. State*, 246 So. 3d 246, 249 (Fla. 2018).  Summary denial of a newly-discovered-evidence claim is authorized "if the motion, files, and record refute the allegations pertaining to either (or both) prongs of the *Jones* test."  *Rogers*, 327 So. 3d at 787 (citing Fla. R. Crim. P. 3.851(f)(5)(B)).

While the scope of permissible mitigation evidence is broad, *see Lockett v. Ohio*, 438 U.S. 586, 604 (1978), Randolph has not

shown that evidence regarding the identity of his birth parents would probably yield a less severe sentence.

We accept his factual allegations as true, as our precedent requires. Yet mitigation evidence must be "relevant to the defendant's character, his prior record, and the circumstances of the offense in issue." *Eaglin v. State*, 19 So. 3d 935, 944 (Fla. 2009) (emphasis omitted) (quoting *Hess v. State*, 794 So. 2d 1249, 1269 (Fla. 2001)), *as revised on denial of reh'g* (Oct. 8, 2009); *see also Lockett*, 438 U.S. at 604 n.12 ("Nothing in this opinion limits the traditional authority of a court to exclude, as irrelevant, evidence not bearing on the defendant's character, prior record, or the circumstances of his offense.").

The identity of Randolph's birth parents, their degree of educational attainment at the time of his birth, and their generally successful lives do not tend to prove or disprove any matter at issue. He therefore cannot show that the evidence he seeks to introduce would yield a less severe sentence. And even if Randolph's genetic traits were a matter on which the sentencing court had to pass, the fact that his birth parents are from all outward appearances well-adjusted people would not necessarily

establish anything about their, or his, inherited traits. *See* § 90.401, Fla. Stat. (2023).

Had Randolph not been adopted, or adopted by different people, it well may be that the environmental factors that contributed to his development would have been different. But Dr. Krop already testified that the abuse Randolph suffered from his adoptive parents contributed to or reinforced his personality disorder. Dr. Krop also testified about the increased likelihood of strong psychological well-being for individuals raised by stable and loving parents compared to those raised by abusive ones.

The newly discovered information is also not relevant to the four aggravating factors at issue: that the crime was committed during commission or flight after commission of a sexual battery; to avoid or prevent lawful arrest; for pecuniary gain; and under circumstances that rendered it especially heinous, atrocious, or cruel. Summary denial was appropriate in light of these conclusively established aggravators.

### III

For the foregoing reasons, we affirm the order summarily denying Randolph's third successive postconviction motion.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Putnam County,
    Howard O. McGillin, Judge
    Case No. 541988CF001357CFAXMX

Suzanne Keffer, Capital Collateral Regional Counsel, Marie-Louise Samuels Parmer, Special Assistant Capital Collateral Regional Counsel, and Jeanine Cohen, Staff Attorney, Office of Capital Collateral Regional Counsel, Southern Region, Fort Lauderdale, Florida,

    for Appellant

Ashley Moody, Attorney General, Tallahassee, Florida, and Doris Meacham, Senior Assistant Attorney General, Daytona Beach, Florida,

    for Appellee